UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK L. HARDY, III,

        Plaintiff,

        v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS, ET AL.,

        Defendants.

Civil No. 09-2188 (SRC)

**MEMORANDUM AND ORDER**
(CLOSED)

IT APPEARS THAT:

1.  On May 11, 2009, Plaintiff submitted a complaint, pursuant to 42 U.S.C. § 1983. His complaint names as defendants the New Jersey Department of Corrections, and the Northern State Prison/Medical Department.

2.  On June 24, 2009, Plaintiff filed a letter asking to withdraw his complaint. On June 30, 2009, this Court dismissed the case based on Plaintiff's request. However, on July 9, 2009, this Court received a letter from Plaintiff stating that his previous request to withdraw his complaint was in error. He asked this Court to reopen his case. This Court has reopened this case under separate Order.

3.  In his complaint, Plaintiff asserts facts indicating that he had a reaction to something in the prison that is "eating [his] skin from the inside of [his] body and [is] making [him] itch all over and leaving marks on [his] body." He alleges that the

medical staff is ignoring him and not providing medical care. (Complt., ¶ 6).

4. The Court has considered Plaintiff's application to proceed in forma pauperis and file the complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. The Court has also screened the complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. It appears that Plaintiff's complaint should proceed past the sua sponte screening stage. See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004); Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). However, Plaintiff has not named a defendant who can be served with the complaint.

5. If Plaintiff does not know the exact identity of the proper defendants who were personally involved in the alleged violations against him, he may plead "John Doe" and/or "Jane Doe" as defendants. Courts within this circuit have permitted "fictitious-defendant pleading." See Rolax v. Whitman, 175 F. Supp.2d 720, 728 (D.N.J. 2001)(citing Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998))(other citations omitted), aff'd, 53 Fed. Appx. 635 (3d Cir. 2002). The use of fictitious defendants is permitted until the plaintiff has had an opportunity to conduct discovery. See White v. Fauver, 19 F. Supp.2d 305, 312 n.8 (D.N.J. 1998). However, "fictitious parties must eventually be dismissed, if discovery yields no identities." Hindes v.

F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998). Furthermore, obviously, fictitious parties cannot be served. Plaintiff must attempt to name one person who can be served with his complaint, and then through the course of discovery, determine identities of John/Jane Doe defendants.

6.  Furthermore, the New Jersey Department of Corrections is immune from suit under § 1983 pursuant to the Eleventh Amendment. As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

THEREFORE,

It is on this ___6___ day of ___August___, 2009,

ORDERED that Plaintiff may proceed in forma pauperis without prepayment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

ORDERED that the Clerk of the Court is directed to file the Complaint in the above-captioned action; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order by regular mail on the Attorney General for the State of New Jersey and on the warden of the Northern State Prison; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation; and it is further

ORDERED that in each month that the amount in Plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2), and each payment shall reference the civil docket number of this action; and it is further

ORDERED that Plaintiff's complaint is hereby dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that the New Jersey Department of Corrections shall be dismissed from this case, with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2); and it is further

ORDERED that the Clerk of the Court shall close this case; and it is finally

ORDERED that, within 45 days from the date this Order is entered, Plaintiff may move to reopen his case, attaching to any such motion a proposed amended complaint which addresses the deficiencies of the complaint, and names defendants, as stated in this Order.

                                                          /s/ Stanley R. Chesler
                                                          STANLEY R. CHESLER
                                                          United States District Judge